# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHUNECE JONES-BROADWAY, as Administrator of the Estate of Michael Broadway, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendants. | Case No. 24-cv-11700 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Heather K. McShain |

### PLAINTIFF'S MOTION TO COMPEL CERTAIN IDOC DEFENDANTS' <u>INTERROGATORY RESPONSES</u>

Plaintiff Chunece Jones-Broadway, as Administrator of the Estate of Michael Broadway, by her attorneys, respectfully moves this court to compel Defendants Illinois Department of Corrections, Amelia Arinaga, Raymond Pahl, and Jeffery Lovett to respond to Plaintiff's interrogatories served on them on April 4, 2025—nearly four months ago.

This motion to compel is as straightforward as it gets. The non-responding IDOC Defendants do not deny their obligation to respond to Plaintiff's interrogatories. They have simply failed to provide any responses at all. After an initial extension, the discovery responses of the IDOC, Arinaga, Pahl, and Lovett were due on May 23, 2025. Since then, IDOC, Arinaga, Pahl, and Lovett have helped themselves to more and more time without appropriate requests to Plaintiff's counsel for extensions and without moving the Court for an extension. Because Plaintiff faces prejudice by the unjustified delay in discovery and because she has no reason to believe that the IDOC, Arinaga, Pahl, and Lovett will comply with their discovery obligations without a Court order, Plaintiff respectfully asks the Court to intervene.

1

Accordingly, Plaintiff asks the Court to (a) order the IDOC, Arinaga, Pahl, and Lovett to respond to Plaintiff's interrogatories by a date-certain set by the Court, (b) find that the IDOC, Arinaga, Pahl, and Lovett have forfeited any objections to Plaintiff's interrogatories, and (c) allow Plaintiff to submit a petition for her counsel's reasonable fees related to the preparation of this motion.

**BACKGROUND**

Plaintiff filed this lawsuit on November 14, 2024. *See* Dkt. 1 (Compl.). The Defendants include the Illinois Department of Corrections, 13 of the IDOC's correctional and medical staff, Wexford Health Sources, Inc., and a Wexford nurse. *See* Dkt. 77 (Am. Compl.).

All parties propounded their initial discovery requests on April 4, 2025. Plaintiff's discovery requests included 18 interrogatories directed to each of the 14 IDOC Defendants. Under Federal Rule of Civil Procedure 33 and consistent with the instructions in Plaintiff's interrogatories, all parties' responses were due on May 5, 2025. On April 28, at Plaintiff's request, the parties agreed to a mutual two-week extension, making the new deadline May 19. Ex. 1 (4/28/2025–5/15/2025 Email Chain) at 4. On May 15, at the Wexford Defendants' request, the parties agreed to a mutual four-day extension, pushing the due date to May 23. *Id.* at 2–3. Counsel for the IDOC Defendants indicated that they "might need some more time beyond 5/23 for the IDOC Defendants' interrogatory answers" but did not seek an extension. *Id.* at 2. On May 23, Plaintiff responded to all of Defendants' voluminous discovery requests—including 178 interrogatories served by the IDOC Defendants. The Wexford Defendants also met their deadline. None of the 14 IDOC Defendants responded to a single interrogatory.

Late afternoon on May 23, the date the interrogatory responses were due, counsel for the IDOC indicated that the interrogatory responses had hardly begun. Ex. 2 (5/23/2025–5/28/2025

2

Email Chain) at 3 ("My team and I will begin working in earnest on responses to Plaintiff's interrogatories. We can touch base next week to discuss a proposed timeframe for completing those."). Counsel for Plaintiff responded that a new deadline was necessary and asked if the IDOC Defendants would agree to respond by May 30. *Id*. IDOC's counsel would not agree to a deadline of May 30, and stated that they were "aiming to complete the responses by next Friday, June 6." *Id.* at 2. In a showing of good faith, Plaintiff agreed to allow the IDOC Defendants until June 6 to respond, but counsel for Plaintiff made clear in her response email that the IDOC Defendants must work diligently to meet deadlines and request extensions when deadlines cannot be met. *Id.* at 2. In response, counsel stated that he understood Plaintiff's need for certainty, and confirmed the IDOC Defendants would consider June 6 their "firm deadline." *Id.* at 1. Not a single IDOC Defendant served their responses on or before June 6.

Since then, a subset of the IDOC Defendants have served their discovery responses on a rolling basis: Charles Truitt on June 16; Anthony Garant, Britney Harvey, and Jennifer Henning on June 17; and Shane Leiby and John Orock on June 25. On June 26, Plaintiff addressed the outstanding interrogatories in a letter to the IDOC Defendants, noting that the responses are necessary for moving forward with depositions and that she would be forced to compel the responses if they were not served by July 3. Kenneth Nushardt and Patrick Gagliardo served their interrogatory responses on June 30, but July 3 came and went without any further responses or any request for extension from the IDOC Defendants' counsel.

On July 15, counsel for Plaintiff and the IDOC Defendants conferred regarding IDOC Defendants' responses to her requests for production. In that meeting, Plaintiff asked the IDOC Defendants when they would be able to provide the remaining interrogatory responses. Counsel for the IDOC Defendants stated the "drop-dead date" by which they would serve the responses

would be July 29. That deadline was confirmed in a July 22 conference with the same counsel. Despite these assurances, the IDOC Defendants provided no further responses by July 29, nor did the IDOC Defendants contact Plaintiff to provide an update or explanation for the delay.

On July 30, counsel conferred again about Defendants' interrogatory responses, among other issues, and Defendants indicated various levels of progress on the remaining six responses. Plaintiff indicated that she would file her motion to compel the responses on Monday, August 4, if all responses had not been received before that date. On July 31, Jermiagh Daly served his responses. On August 1, Michael Bird served his responses. Still, four sets of responses remain outstanding—the Illinois Department of Corrections, Amelia Arinaga, Raymond Pahl, and Jeffery Lovett. Counsel has indicated that they only await signature for Arinaga and Pahl, but have not provided an estimate for when those signatures will be received. On July 30, counsel indicated that they should be receiving IDOC's responses in a day or two, and have since failed to provide an update. Counsel has also not provided an update about the status of Lovett's responses other than to say that they have had client communication problems..

A Court order is necessary to ensure reasonable and timely progress in discovery. Therefore, Plaintiff now moves to compel the IDOC, Arinaga, Pahl, and Lovett's compliance with their fundamental discovery obligations.

**ARGUMENT**

Federal Rule of Civil Procedure 33 requires a party served with interrogatory requests to "respond in writing within 30 days of being served." Plaintiff has given the IDOC Defendants immense leeway with the timing of their responses with the expectation that the IDOC Defendants would work in good faith to provide their responses without Court intervention. In return, the IDOC Defendants have not even made reasonable efforts to apprise Plaintiff about the status of

4

their long overdue responses. There is no more slack to give. Plaintiff asks this Court to compel the IDOC Defendants to serve all outstanding interrogatory responses (those of Defendants IDOC, Arinaga, Pahl, and Lovett) by a date-certain set by the Court.

Additionally, Plaintiff asks the Court to find that the IDOC, Arinaga, Pahl, and Lovett have forfeited any objections they might have made. Such a sanction is well within this Court's authority. *See, e.g.*, *Perry v. City of Gary*, No. 2:08CV280JVB-PRC, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009) ("Because [defendants] have failed to timely object to [p]laintiff's propounded discovery, either within 30 days of being served with the discovery requests or by the Court ordered . . . deadline, the Court finds that [defendants] have waived all objections" to plaintiff's requests for production and interrogatories.) (collecting cases); *Stelor Prods., Inc. v. Oogles N Googles*, No. 1:05-CV-0354-DFH-TAB, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) ("Plaintiff's failure to timely object to this discovery, as well as counsel's inexplicable disregard of the Court-ordered deadline to respond, compels the conclusion that [p]laintiff has waived all objections"); *see also, e.g.*, *Autotech Techs. Ltd. P'ship v. Autmationdirect.com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (two-week delay waived objections); *Dutch Valley Growers Inc. v. Rietveld*, No. 16-2085, 2017 WL 6945332, at *3 (C.D. Ill. Mar. 7, 2017) (failure to timely object waived objections); *Mizyed v. Travelers Home & Marine Ins. Co.*, No. 12-1016, 2013 WL 12242011, at *3-4 (C.D. Ill. Apr. 9, 2013) (two-month delay waived objections); *Martinez v. Cook Cnty.*, No. 11 C 1794, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) (prolonged delay waived objections); *Sumner v. City Constr., LLC*, No. CIV.09-316-JPG, 2010 WL 2367971, at *1 (S.D. Ill. June 11, 2010) (same); *Davis v. City of Springfield*, No. 04-3168, 2009 WL 268893, at *4-5 (C.D. Ill. Jan. 30, 2009) (two-month delay waived objections); *Magalis v. Adams*, No. 08-CV-3135, 2009 WL 3756446, at *4 (C.D. Ill. Nov. 5, 2009) (six-week delay waived objections); *Lock*

*Realty Corp. v. U.S. Health L.P.*, No. 3:06-CV-487RLM, 2008 WL 4372411, at *2 (N.D. Ind. Sept. 22, 2008) (90-day delay waived objections); *Brown v. Hertz*, No. 3:07-CV-00117-PMF, 2011 WL 5325519, at *1 (S.D. Ill. Nov. 3, 2001) (two-and-a-half-month delay waived objections).

Lastly, Plaintiff requests that the Court allow Plaintiff to submit a petition for her counsel's reasonable fees related to the preparation of this motion. The Court has clear authority to award Plaintiff reasonable fees for the time spent on this motion to compel and any related briefing or proceedings. *See* Fed. R. Civ. P. 37(a)(5), 37(b)(2)(C); *see also Kim v. Hilton Constr. Grp.*, No. 17 C 7332, 2018 WL 2111240, at *2 (N.D. Ill. May 8, 2018) (awarding fees incurred "as a result of the defendant's indifference and recalcitrance"); *Hoffman v. County of Dewitt*, No. 15-CV-3026, 2017 WL 4466468, at *3 (C.D. Ill. Jan. 26, 2017) ("even negligent failure to allow reasonable discovery may establish cause for imposing sanctions" under Rule 37); *David Mizer Enters., Inc. v. Nexstar Broadcasting, Inc.*, No. 14-CV-2192, 2016 WL 4541825, at *11 (C.D. Ill. Aug. 31, 2016) (discussing standard for imposing sanctions for discovery violations).

These sanctions are necessary to ensure that Defendants' dilatory tactics will not continue unabated throughout this litigation. *See McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *2 (N.D. Ill. July 14, 2015) ("According to the Seventh Circuit, district courts are not only entitled to enforce deadlines, they must do so.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that the Court grant her motion to compel and (a) order the IDOC, Arinaga, Pahl, and Lovett to respond to Plaintiff's discovery by a date-certain set by the Court, (b) find that the IDOC, Arinaga, Pahl, and Lovett have forfeited their objections to Plaintiff's interrogatories, and (c) allow Plaintiff to submit a petition for her counsel's reasonable fees related to the preparation of this motion.

6

Respectfully submitted,

/s/ *Terah Tollner*
Terah Tollner
Attorney for Plaintiff

Sarah Grady
Vanessa del Valle
John Hazinski
Terah Tollner
KAPLAN & GRADY LLC
2071 N. Southport Ave., Suite 205
Chicago, Illinois 60614
(312) 852-2184
terah@kaplangrady.com