THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHUNECE JONES-BROADWAY, as Administrator of the Estate of MICHAEL BROADWAY, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF CORRECTIONS, et al. <br><br> Defendants. | Case No. 1:24-cv-11700 <br><br> Honorable Andrea R. Wood, District Judge <br><br> Honorable Heather K. McShain, Magistrate Judge |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR**
**THIRD-PARTY HIPAA QUALIFIED PROTECTIVE ORDER**

Plaintiff Chunece Jones-Broadway, through her undersigned counsel and pursuant to this Court's order (Dkt. 111), submits the following reply in support of her motion for entry of a HIPAA-qualified protective order (Dkt. 105):

The Court has asked Plaintiff to file a reply brief to address "whether and to what extent the Illinois statute relied on by defendants, 735 ILCS 5/8-802, applies in this case, given that plaintiff has brought claims arising under state and federal law." Dkt. 111. The answer is simple, straightforward, and directed by Seventh Circuit precedent: the Illinois Confidentiality Act, 735 ILCS 5/8-802, does not apply to this case.

In *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004)—the very case on which Defendants purport to rest their argument—the Seventh Circuit expressly held that the Act does not preclude the disclosure of third-party medical records in cases based on federal-question jurisdiction. *Id.* at 925; *see also Haywood v. Wexford Health Sources, Inc.*, 2021 WL 2254968, at *7 (N.D. Ill. June 3, 2021) (McShain, J.) ("[B]ecause this is a federal-question case, Illinois privilege law—including the Confidentiality Act—does not apply."). This case, like

*Northwestern Memorial* and *Haywood*, is based on federal question jurisdiction. *See* Dkt. 77 (Am. Compl) ¶ 9 (citing 28 U.S.C. §§ 1331 and 1367). The Illinois Confidentiality Act therefore does not apply.

In an effort to skirt this obvious result, Defendants selectively quote stray dicta from *Northwestern Memorial* to argue that Plaintiff's claims under state law somehow require this court to apply the Illinois Confidentiality Act to preclude discovery into Plaintiff's federal claims. Dkt. 110 at 4. But *Northwestern Memorial* contains no such holding, and Defendants' argument simply ignores binding law to the contrary. Where a "complaint states a pendent state claim to which the information sought would also be relevant, this fact does not require" applying state privilege law, since "it would be meaningless to hold the communication privileged for one set of claims and not the other." *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981); *see also Babych v. Psychiatric Sols., Inc.*, 271 F.R.D. 603, 609 (N.D. Ill. 2010) ("The structure of Rule 501 directs the conclusion that federal law applies in this situation. . . . The federal common law of privilege applies to the disputed materials because they relate to the federal claims. That they also relate to the corresponding state law claims does not make the state privilege law applicable . . . ."). Indeed, in *Wier v. United Airlines, Inc.*, 2021 WL 1517975 (N.D. Ill. Apr. 16, 2021), this Court rejected this very argument, relying on *Babych*. *Id.* at *5 ("All that is required is that the material concern federal claims for federal privilege law to apply—it need not do so exclusively."). Defendants do not distinguish or even mention *Memorial Hospital*, *Babych*, or *Wier*, or any of the many other cases that foreclose their position. *See, e.g.*, *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at *3 (N.D. Ill. Jan. 7, 2011) ("When the principal claim arises under federal law, questions of privilege are governed by principles of federal common law; this is true despite 'the presence of a pendent state claim.'"); *Evans v. City of Chicago*, 231 F.R.D.

2

302, 316 n.5 (N.D. Ill. 2005) ("[T]he Seventh Circuit has held that federal common law (not state law) governs questions of privilege in a federal question case—even when that federal question case contains supplemental state law claims."); *Tumas v. Bd. of Educ. of Lyons Twp. High Sch. Dist. No. 204*, No. 06 C 1943, 2007 WL 2228695, at *5 (N.D. Ill. July 31, 2007) (same).

These cases unequivocally hold that state-law privilege rules, like those reflected in the Illinois Confidentiality Act, have no bearing on privilege determinations in federal-question cases like this one, particularly where the discovery at issue is relevant to claims arising under federal law. Here, the information Plaintiff seeks under the proposed HIPAA-qualified protective order pertains exclusively to her federal claims because it involves obtaining third-party medical information to demonstrate that Wexford's policies and widespread practices were the moving force behind Plaintiff's death. *See* Dkt. 105 at 3–10 (explaining that the proposed order will facilitate discovery into Plaintiff's *Monell* claim). This discovery has nothing whatsoever to do with Plaintiff's wrongful death and survival claims under Illinois law. Defendants, for their part, do not even attempt to argue that the information sought is relevant to Plaintiff's state-law claims— let alone that it is relevant *only* to those claims. *See generally* Dkt. 110 at 3–7 (failing to identify any connection between the anticipated discovery and Plaintiff's state-law claims).

In light of these well-established principles, which Defendants wholly ignore in their response brief, Defendants' reliance on the Illinois Confidentiality Act is not just erroneous but legally and factually unjustifiable. Indeed, this Court in *Haywood* sanctioned Wexford— represented by the same counsel of record as in this case—for invoking the Illinois Confidentiality Act as a basis for obstructing discovery on the plaintiff's federal claims. *See Haywood*, 2021 WL 2254968, at *10 (holding that Wexford's "principal basis for withholding" relevant information— the Illinois Confidentiality Act—"has no basis in law and does not amount to a genuine dispute

3

for Rule 37 purposes"). The Court would be well within its discretion to do so again here. *See* Fed. R. Civ. P. 11(c)(3); *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987) (imposing sanctions for "an ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed HIPAA-qualified protective order for third-party PHI.


Dated: August 25, 2025                             Respectfully submitted,


                                                   /s/ John Hazinski
                                                   John Hazinski
                                                   Attorney for Plaintiff


Sarah Grady
Vanessa del Valle
John Hazinski
Terah Tollner
KAPLAN & GRADY LLC
2071 N. Southport Ave., Suite 205
Chicago, Illinois 60614
(312) 852-2184
john@kaplangrady.com