IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHUNECE JONES-BROADWAY, AS ADMINISTRATOR OF THE ESTATE OF MICHAEL BROADWAY, | ) ) ) ) |
| Plaintiff, | ) Case no. 1:24-CV-11700 ) ) |
| v. | ) Hon. ANDREA R. WOOD ) Mag. HEATHER K. MCSHAIN |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL CERTAIN IDOC DEFENDANTS' INTERROGATORY RESPONSE [DKT. 101][1]

Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC"), MICHAEL BIRD, AMELIA ARINAGA, AND JEFFREY LOVETT ("LOVETT"), by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, respond to Plaintiff's Motion to Compel Certain IDOC Defendants Interrogatory Responses. In support thereof, Defendants state as follows:

1. On August 4, 2025, Plaintiff filed her Motion to Compel Certain IDOC Defendants' Interrogatory Responses. Particularly, Defendants IDOC, Defendant Amelia Arinaga, Defendant Jeffrey Lovett, and Defendant Michael Bird.

2. The Parties have conducted regular, consistent conferences regarding discovery: On July 15, 2025, July 22, 2025, and July 30, 2025, August 14, 2025, and

---

[1] Defendants acknowledge that this Response was due on August 25, 2025, and apologize to the Court and Plaintiff's counsel for the delay in filing. Defendants have endeavored to respond as promptly as possible under the circumstances stated herein.

August 25, 2025. Each time, counsel have met by videoconferencing, and the Parties plan to continue scheduling these conferences throughout the discovery phase of litigation.

3. Throughout these meetings, the parties have held constructive discussions on outstanding requests for production and interrogatories, and response defficiencies by both Parties.

4. As of August 25, 2025, Defendants supplemented their initial disclosures with an additional 370 pages of discovery in response to Plaintiff's request for production.

5. As of the same date, the undersigned has submitted all responses to Plaintiff's first set of interrogatories to defendants, except for Defendant Jeffrey Lovett's Response and Objections to Plaintiff's First Set of Interrogatories.

6. As to Defendant Lovett, he is currently on paternity leave from his employment with IDOC and has had limited availability during this period. Since the issuance of Plaintiff's First Set of Interrogatories, the undersigned and the Illinois Department of Corrections have attempted to reach Defendant Lovett many times. Nevertheless, Lovett's delay in providing his responses will not affect the overall progress of this case. He is one of sixteen defendants named by Plaintiff and had a limited role in the events of June 19, 2024. His involvement consisted of notifying his supervisors that Mr. Broadway was unable to come downstairs without assistance, and subsequently assisting in carrying Mr. Broadway, who weighed more than 250 pounds, downstairs using bedsheets. Upon reaching the ground floor, Mr. Broadway

was transferred to EMS personnel and transported to the hospital, where he passed away approximately one hour later.

7. Plaintiff has also requested that the Court compel production and award fees. Defendants acknowledge that an order compelling Defendant Lovett's interrogatory responses may be appropriate, as it will provide undersigned counsel with the necessary authority to ensure compliance, particularly if the order includes a warning regarding potential sanctions for any further failure to respond. However, sanctions and fee-shifting are not warranted. Both Parties have encountered difficulties in meeting discovery obligations, but they are actively working through those issues in good faith. Not every discovery dispute needs to be resolved through fee awards, and introducing costs into every disagreement risks turning routine discovery disputes into unnecessary collateral litigation. The case is progressing, and the Parties should be permitted to continue addressing discovery issues cooperatively without resorting to tit-for-tat sanctions practice.

WHEREFORE, Defendants respectfully requests this Court deny Plaintiff's Motion to Compel Certain IDOC Defendants' Interrogatory Responses. Defendants request that the Motion be granted only as to Defendant Lovett, with the Court setting a reasonable deadline for compliance to September 11, 2025, to provide answers, and admonishing Defendant Lovett regarding the potential for an adverse order to issue if further failures occur, while denying Plaintiff's request for fees or other sanctions. (See attached *Text of Proposed Order*.)

Date: August 28, 2025

        Respectfully submitted,

        KWAME RAOUL
        Attorney General of Illinois

By:   */Daniel N. Robbin/*
        Daniel Noah Robbin
        Bar No. 6321386
        Assistant Unit Supervisor, Prisoner Litigation
        Government Representation Division
        Office of the Attorney General
        115 S. La Salle St.
        Chicago, Illinois 60603
        (312) 814-7199
        daniel.robbin@ilag.gov