UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHUNECE JONES-BROADWAY,

    Plaintiff,

v.

ILLINOIS DEPARTMENT
  OF CORRECTIONS, ET AL.,

    Defendants.

No. 24 CV 11700

District Judge Wood

Magistrate Judge McShain

### ORDER

Pending before the Court are plaintiff's motions to compel certain IDOC defendants' interrogatory responses [101] and for entry of a HIPAA-qualified protective order [105].[1] For the following reasons, the former motion is denied and the latter motion is granted.

### A.    Motion to Compel Interrogatory Responses

Plaintiff's first motion seeks to compel IDOC and three individual IDOC defendants–Amelia Arinaga, Raymond Pahl, and Jeffrey Lovett–to respond to plaintiff's interrogatories. Plaintiff served her interrogatories on April 4, 2025, and after several agreed extensions the responses were due on June 6. *See* [101] 2-3. None of the IDOC defendants responded by that date; rather, the IDOC defendants served their responses on a rolling basis between June 16 and August 1. [*Id.*] 3-4. After meeting and conferring with defendants about the four outstanding sets of responses, plaintiff filed the pending motion on August 4. In their response, the IDOC defendants represented that, as of August 25, IDOC, Arinaga, and Pahl had responded to plaintiff's interrogatories. [114] 2. As for defendant Lovett, defense counsel explained that Lovett is currently on paternity leave and apparently has not responded to some of defense counsel's many attempts to contact him. [*Id.*]. Defense counsel asks the Court to set a deadline of September 11, 2025, for Lovett to respond to the interrogatories.

In the exercise of its extremely broad discretion to supervise discovery, *see Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013), the Court denies

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

plaintiff's motion to compel. First, IDOC and all IDOC defendants except Lovett have now responded to plaintiff's interrogatories, so the motion is moot as to those defendants. Plaintiff also asks the Court to hold that these defendants' tardy responses resulted in a forfeiture of their objections to the interrogatories, but the Court declines to impose this sanction. There are fifteen IDOC defendants in the case, and the briefing on the motion to compel establishes that counsel on both sides are working cooperatively and in good faith to move discovery forward. Because the Court does not see that the IDOC defendants are needlessly drawing out the discovery process, the Court declines to hold that defendants have forfeited their objections (if any) to plaintiff's interrogatory. The Court also declines plaintiff's request for an award of fees and costs under Rule 37.

Finally, as for defendant Lovett, the Court extends his deadline to response to the interrogatories to September 11, 2025. If Lovett fails to respond by that deadline, the Court may sanction Lovett personally by requiring him to pay the attorney's fees and costs that plaintiff has incurred in attempting to obtain his responses to the interrogatories.

### B. Motion for Entry of HIPPA-Qualified Order

Plaintiff's second motion seeks entry of a HIPAA-qualified protective order that would permit the parties to obtain the protected health information (PHI) of nonparty inmates. [105] 3. Plaintiff contends that this information is relevant to her *Monell* claim against defendant Wexford Health Sources, Inc., which alleges that Wexford has a widespread practice of denying adequate medical care to IDOC prisoners. [*Id.*] 2-3. Both Wexford and the IDOC defendants oppose this request. Their primary argument is that, because plaintiff has brought a state-law claim in addition to federal claims, the Court must apply the Illinois Confidentiality Act, 735 ILCS 5/8-802, which provides that a patient's medical records cannot be disclosed unless the patient expressly consents to the disclosure. [110] 3-6. They also argue that the proposed HIPAA order is "overly expansive to the needs of the instant litigation" because plaintiff has not limited her request for nonparty PHI by specifying either the types of medical conditions at issue or the timeframe from which the PHI should be produced. [*Id.*].

The Court rejects defendants' arguments and grants the motion. As the undersigned held in a previous case involving Wexford that raised this same issue, the Illinois Confidentiality Act does not apply in a case like this one, where the Court has federal-question jurisdiction. *See Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 WL 2254968, (N.D. Ill. June 3, 2021). In that case, Wexford argued that the Confidentiality Act required it to redact the PHI of nonparty inmates that was contained in certain electronically stored information that also contained plaintiff's PHI. The undersigned rejected that argument, concluding that, "because this is a federal-question case, Illinois privilege law–including the Confidentiality

Act–does not apply." *Haywood*, 2021 WL 2254968, at \*7. That conclusion was based on the Seventh Circuit's decision in *Northwestern Memorial Hospital v. Ashcroft*, which likewise concluded that Illinois's Confidentiality Act, which was "more stringent" than HIPAA, was inapplicable in a federal-question case. 362 F.3d 923, 925 (7th Cir. 2004).

The fact that plaintiff here has also brought state-law claims does not require the Court to apply Illinois law. First, "[w]hen the principal claim arises under federal law, questions of privilege are governed by principles of federal common law; this is true despite the presence of a pendent state claim." *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at \*3 (N.D. Ill. Jan. 7, 2011) (internal quotation marks omitted); *accord Babych v. Psych. Sols., Inc.*, 271 F.R.D. 603, 609 (N.D. Ill. 2010) (same); *Mem. Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981) ("Although the complaint states a pendent state claim to which the information sought would also be relevant, this fact does not require a different result. As the court stated in *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D.Cal.1978), it would be meaningless to hold the communication privileged for one set of claims and not the other."). Second, it is highly doubtful that the nonparty prisoners' PHI would be relevant to plaintiff's state-law wrongful-death and survival claims, *see* [77] at 23-24, which makes defendants' argument for applying Illinois privilege law even more of a stretch than it already was. *Cf. Motorola, Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 WL 2179170, at \*1 (N.D. Ill. June 1, 2010) ("If the material pertains to both state and federal claims, the issue [of what privilege law applies] is perhaps tougher."). Although the Court here is not dealing with a technical privilege dispute, the Court finds that the analysis in these cases is directly on point and conclusively resolves this issue in plaintiff's favor.

Finally, whether and to what extent plaintiff should narrow her request for nonparty prisoners' PHI are not proper grounds for opposing entry of a HIPAA order. Once the HIPAA order is entered, defendants are free to challenge the scope of plaintiff's request for nonparty prisoners' PHI if such challenges are warranted based on the law and the facts. But the mere possibility that the request is overbroad–an issue on which the Court expresses no opinion–is no basis to oppose the request for a HIPAA-qualified order, given the law discussed above and defendants' failure to challenge the relevance of the nonparty PHI in their response brief.

## Conclusion

Plaintiff's motion to compel certain IDOC defendants' interrogatory responses [101] is denied. By September 11, 2025, defendant Lovett shall respond to plaintiff's interrogatories or the Court may impose sanctions on him. Plaintiff's motion for entry of a HIPAA-qualified protective order [105] is granted. By September 9, 2025, the parties shall submit Word versions of a proposed HIPAA-qualified protective order and a redlined-version of the order showing any changes made to the Court's model HIPAA order to the Court's proposed order inbox (Proposed_Order_McShain@ilnd.uscourts.gov). By September 18, 2025, defendants must show cause why they should not be required to pay the attorney's fees and costs that plaintiff incurred in connection with the motion for entry of a HIPAA-qualified protective order. *See* Fed. R. Civ. P. 37(a)(5)(A).

*[signature: Heather K. McShain]*

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 4, 2025**