IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHUNECE JONES-BROADWAY, as Administrator of the Estate of Michael Broadway, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 24-cv-11700 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., CHARLES TRUITT, JERMIAGH DALY, BRITNEY HARVEY, AMELIA ARINAGA, KENNETH NUSHARDT, MICHAEL BIRD, PATRICK GAGLIARDO, ANTHONY GARANT, SHANE LEIBY, JEFFERY LOVETT, JOHN ANDERSON OROCK, RAYMOND PAHL, EDWARD BERZINSKI, and JEN DOE, | ) ) ) ) ) ) ) ) ) ) ) | Hon. Andrea R. Wood Judge Presiding Hon. Heather K. McShain Magistrate Judge |
| Defendants. | ) | |

**DEFENDANTS WEXFORD HEALTH SOURCES, INC.'s AND EDWARD BERZINSKI's RESPONSE TO THE COURT's ORDER TO SHOW CAUSE**

NOW COME the Defendants, Wexford Health Sources, Inc. and Edward Berzinski, by and through their attorneys, Connolly Krause LLC, and hereby respectfully submit their response to the Court's order to show cause. In support thereof, Defendants state as follows:

**INTRODUCTION**

On August 11, 2025, Plaintiff filed a motion seeking the entry of a HIPAA qualified protective order (the "HIPAA Motion") to use and disclose the protected health information of third-parties. (ECF #105). On August 12, 2025, the Court entered and continued Plaintiff's HIPAA Motion and directed the Wexford and IDOC defendants to file "[a] joint response … by 8/21/2025." (ECF #106). The Court further ordered that "no reply [is] to be filed unless one is

1

ordered by the Court" and "[once] the Court has reviewed the briefs, it will decide whether it can rule on the papers or whether a motion hearing is required." (*Id*.) Pursuant to this Court's August 12th Order, the Defendants, after researching relevant and applicable existing laws, statutes, and precedent, filed their response arguing in good faith why Plaintiff was required to seek the consent of third-parties prior to the disclosure of their protected health information and why the scope of the proposed third-party HIPAA order was unreasonable. On August 22, 2025, the Court, in apparent recognition that a genuine dispute existed in light of its August 12th Order, directed Plaintiff to "file a reply brief addressing whether and to what extent the Illinois statute relied on by defendants … applies in this case, given that plaintiff has brought claims arising under state and federal law." (ECF #111). Thus, the Defendants were surprised when the Court entered its order on 09/04/2025 directing the "defendants [to] show cause why they should not be required to pay the attorney's fees and costs that plaintiff incurred in connection with the motion for entry of a HIPAA-qualified protective order" under Fed. Rules Civ. Proc. R. 35(a)(5)(A).

Defendants respectfully submit this response to the Court's September 4, 2025, Order directing the defendants to show cause why attorney's fees and costs incurred by plaintiff in connection with the HIPAA Motion should not be imposed. Thus, based on the Court's ruling from 09/04/2025, Defendants must now show cause why sanctions are unwarranted, not because of the substance of their argument but because they *raised* an argument in response to Plaintiff's motion. *See* Fed. Rules Civ. Proc. R. 35(a)(5)(A). For the following reasons, Defendants respectfully submit that sanctions should not be imposed in this case.

## ARGUMENT

**I.  The history of Rules 26(c) and 37(a) demonstrate that the drafters of these Federal Rules did not intend for sanctions to attach for protective orders in which no discovery is sought from the opposing party (e.g., HIPAA protective orders).**

2

The histories Rule 26(c) and Rule 37(a) clarify that the intent behind sanctions tied to Rule 26(c) motions is to deter discovery abuses and parties obstructing the discovery process under the guise of Rule 26(c)(1); accordingly Rule 26(c)(2) ("ordering discovery") was crafted to align with the intent and language of the sanctions provision of Rule 34(a)(4)(A) (now Rule 35(a)(5)(A)) which provides the basis for awarding attorney's fees against the losing party. However, the history, Advisory Committee Notes, and structure of the Rules all counsel against awarding sanctions in situations where HIPAA Motions are brought and no "discovery is sought." Accordingly, Defendants respectfully submit that Rule 35(a)(5)(A) is inapplicable to this case.

The antecedent to Rule 26(c) was originally found in Rule 30(b). In amending the Federal Rules of Civil Procedure in 1963 the Advisory Committee added Subdivisions (b) and (d) "as a safeguard for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26." Fed. Rules Civ. Proc. R. 30(b) & (d) (*eff.* Jul. 1, 1963), *Notes of Advisory Committee on Rules to the 1963 Amendment*. Rule 30(b) and (d) (*eff.* Jul. 1, 1963) provided:

```
(b) Orders for the protection of parties and deponents.
    After notice is served for taking a deposition by oral
examination, upon motion seasonably made by any party or by the
person to be examined and upon notice and for good cause shown, the
court in which the action is pending may make an order … which
justice requires to protect the party or witness

(d) Motion to terminate or limit examination.
    At any time during the taking of the deposition, on motion of
any party or of the deponent and upon a showing that the examination
is being conducted in bad faith or in such manner as unreasonably
to annoy, embarrass, or oppress the deponent or party, the court in
which the action is pending or the court in the district where the
deposition is being taken may order the officer conducting the
examination to cease forthwith from taking the deposition, or may
limit the scope and manner of the taking of the deposition as
provided in subdivision (b) … In granting or refusing such order
the court may impose upon either party or upon the witness the
requirement to pay such costs or expenses as the court may deem
reasonable.
```

Fed. Rules Civ. Proc. R. 30(b) & (d) (emphasis added). When protective orders were first introduced into the Fed. Rules. Civ. Proc.[1] via the 1963 amendments the only "sanctions" contemplated were those associated with motions brought to limit the scope of depositions[2].

When the Rules were amended in 1970 the Advisory Committee Notes[3] reinforced that Rule 26(c) and Rule 37(a)(5)(A) were not intended to punish litigants who merely respond to a motion for a protective order. The Advisory Committee's Notes regarding Rule 26 noted that the previous "provisions of existing Rule 30(b) [were] transferred to [Subdivision (c)], as part of the rearrangement of Rule 26." Fed. Rules Civ. Proc. R. 26 (*eff*. Jul. 1, 1970), *Notes of Advisory Committee on Rules to the 1970 Amendment*. New Rule 26(c) provided:

```
(c) Productive orders.
    Upon motion by a party or by the person from whom discovery
is sought, and for good cause shown, the court in which the action
is pending or alternatively, on matters relating to a deposition,
the court in the district where the deposition is to be taken may
make any order justice requires to protect a party or person …
    If the motion for a protective order is denied in whole or in
part, the court may, on such terms and conditions as are just, order
that any party or person provide to permit discovery.  The
provisions of Rule 37(a)(4) apply to the award of expenses incurred
in relation to the motion.
```

Fed. Rules Civ. Proc. R. 26(c) (emphasis added). The 1970 amendments moved authorization for protective orders from Rule 30(b) and (d) to Rule 26(c). *See* Fed. Rules Civ. Proc. R. 30(b) & (d) (*eff*. Jul. 1, 1963). Notably, Rule 30(b) (1963), the precursor to Rule 26(c) protective orders, only

---

[1] Notably, the 1963 version of Rule 26 did not provide any mechanism for the entry of protection orders.
[2] The 1963 version of Rule 37 did not provide any additional mechanism for sanctions, attorney's fees, or costs associated with a "protective order." Rule 37 only contemplated sanctions if "a party or other deponent refuses to answer any question propounded upon oral examination" or if a party refuses "answer any Interrogatory submitted under Rule 31 or … under Rule 33;" or for a party's failure to comply with an order. Fed. Rules Civ. Proc. R. 37(a) & (b) (*eff*. Jul. 1, 1963).
[3] Supreme Court Justice Anthony Kennedy noted that the Advisory Committee Notes "are [] a respected source of scholarly commentary." *Tome v. United States*, 513 U.S. 150, 160 (1995). Justice Antonin Scalis likewise described the Advisory Committee Notes as "ordinarily the most persuasive [scholarly commentaries] concerning the meaning" of the Federal Rules of Civil Procedures. *Id*. at 167-68 (1995); *see also Krupski v Costa Crociere S.p.A.*, 560 U.S. 538, 557 (2010) (Scalia, J., concurring in part and concurring in the judgment) ("The Advisory Committee's insights into the proper interpretation of a Rule's text are useful to the same extent as any as any scholarly commentary.")

contemplated protective orders in the context of depositions. The 1970 version of Rule 26(c) kept that same intent and framework of old Rule 30(b) by including the phrase at the beginning of rule 26(c): "Upon motion by a party or by the person from whom discovery is sought …." Thus evincing the historical precedent that protective orders were intended for use by respondents to discovery – hence the potential for abuse to obfuscate discovery and the need for sanctions to curb such misuses of the Rule. *See* Fed. Rules Civ. Proc. R. 26 (*eff*. Jul. 1, 1970), *Notes of Advisory Committee on Rules to the 1970 Amendment* ("When a motion for a protective order is made and the court is disposed to deny it, the court may go a step further and issue an order to provide or permit discovery … In addition, the court may require the payment of expenses incurred in relation to the motion.")

The 1970 Amendment also included the authority to issue responsive discovery orders, later codified as the current Rule 26(c)(2). Importantly, this second part of the 1970 edition of Rule 26(c) (*i.e.*, "Ordering Discovery") provides the basis for sanctions relative to "productive orders" when it references the provisions of Rule 37(a)(4). *See* Fed. Rules Civ. Proc. R. 37 (*eff*. Jul. 1, 1970). Subsection (a)(4) of the 1970 version of Rule 37 provides:

```
(a)(4) Award of expenses of motion.  If the motion is granted, the
court shall, after opportunity for hearing require the party or
deponent whose conduct necessitated the motion or the party or
attorney advising such conduct or both of them to pay to the moving
party the reasonable expenses incurred in obtaining the order,
including attorney's fees, unless the court finds that the
opposition to the motion was substantially justified or that other
circumstances make an award of expenses unjust…
```

*Id*. The 1970 Advisory Committee Notes to both Rules 26 and 37 highlight that sanctions are imposable for protection orders in relation to the production or compulsion of discovery. As cited above the 1970 Advisory Committee Note to Rule 26 states that when "a motion for a protective order is made and the court is disposed to deny it, the court may go a step further *and issue an order to provide or permit discovery …* In addition, the court may require the payment of expenses

5

incurred in relation to the motion." Fed. Rules Civ. Proc. R. 26 (*eff.* Jul. 1, 1970), *Notes of Advisory Committee on Rules to the 1970 Amendment* (internal citations omitted) (emphasis added). Relatedly, the 1970 Advisory Committee Note to Rule 37 provides that "[subdivision (a)(4)] amends the provisions for award of expenses, including reasonable attorney's fees, to the prevailing party or person when a motion is made for an <u>order compelling discovery</u>." Fed. Rules Civ. Proc. R. 37 (*eff.* Jul. 1, 1970), *Notes of Advisory Committee on Rules to the 1970 Amendment* (emphasis added).

Significantly, the 1970 Advisory Committee Note to Rule 37 clearly demonstrates that the types of protective orders at issue before this Court (*i.e.*, HIPAA protective orders), do not fall within the ambit of the types of motions or "protective orders" intended to be sanctionable:

> **Subdivision (a)(4).** This subdivision amends the provisions for award of expenses, including reasonable attorney's fees, to the prevailing party or person when a motion is <u>made for an order compelling discovery</u>. At present, an award of expenses is made only if the losing party or person is found to have acted without substantial justification. The change requires that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified. The test of "substantial justification" remains, but the change in language is intended to encourage judges to be more alert <u>to abuses occurring in the discovery process</u>…

Fed. Rules Civ. Proc. R. 37 (*eff.* Jul. 1, 1970), *Notes of Advisory Committee on Rules to the 1970 Amendment* (emphasis added). The Committee's Note makes two things clear about the intention behind imposing sanctions under Rule 37(a)(4) (now Rule 37(a)(5)(A)): first, Rule 37 tracks the language found in Rule 26(c) and notes that the imposition of sanctions is tied to motion seeking discovery from a party (*i.e.*, a "when a motion is made for an order [to compel]"); and second, sanctions were intended to dissuade "abuses occurring in the discovery process". *Id*.

Defendants respectfully submit that not only was Plaintiff's HIPAA Motion not a motion *seeking* discovery *from them*, but that their response was not an abuse of the discovery process.

6

Plaintiff's motion never sought to compel or seek discovery from any Defendant. Moreover, regardless of whether or not Defendants raised an objection to Plaintiff's motion the issue *still had* to be brought before the Court. Defendants raised a non-frivolous objection based on a good faith argument predicated on existing law. In fact, the Court determined a genuine disputed existed when it requested that Plaintiff file a reply to the argument raised Defendant's response. (ECF #111); *see Barna v. United States*, Case No. 95 C 6552, 1997 U.S. Dist. LEXIS 10853, at *12 (N.D. Ill. July 18, 1997) ("The term 'substantially justified' has been interpreted to mean that reasonable people could have a genuine dispute about an issue and reach opposite conclusions."); *Pirelli Tire Corp. v. Action Auto. Distribs., Inc.*, No. 85 C 10562, 1988 U.S. Dist. LEXIS 8374, at *4 (N.D. Ill. Aug. 2, 1988) (quoting *United States v. Kemper Money Mkt. Fund, Inc.*, 781 F.2d 1268, 1279 n. 5 (7th Cir. 1986) ("'The test of whether [a party's] position is substantially justified is essentially one of reasonableness in law and fact.'"). Accordingly, Defendants respectfully posit that Rule 37(a)(5)(A) cannot support the imposition of sanctions against them in this case.

Again, the 1970 Advisory Committee Notes on Rule 26(c) show that the addition of the responsive discovery order (*i.e.*, current Rule 26(c)(2)) is what implicates the provision of sanctions under Rule 37. Defendants respectfully submit to this Court that historically there is no precedent to invoke sanctions against a party for merely opposing a HIPAA protective order – especially when no discovery is sought from that party. *See* Fed. Rules Civ. Proc. R. 30(b). Conversely, when discovery is *sought from a party* and a party invokes the need for a protective order under Rule 26(c), Rule 30(d) (1963) and the 1970 Amendments to Rules 26(c) and 37 unquestionably require that sanctions shall be considered by the court.

In this case, Plaintiff filed a HIPAA Motion for third-party PHI. No discovery was sought from any of the Defendants. At the Court's direction the Defendants filed a good faith response

7

after due research into existing law and precedent to support their position. There is no evidence of any intent by the drafters of the Federal Rules of Civil Procedure to sanction such conduct. In fact, the Court's invitation that Plaintiff respond to the Defendants' arguments indicated that genuine dispute existed[4]. On this basis, Defendants respectfully request that the Court not impose sanctions.

## II. Consistent with the drafters' intent for Rule 26(c), there is no precedent to sanction a party for opposing a HIPAA protective order.

As noted above the history of Rules 26 and 37 counsel against a sanction award in this instance. A thorough review of cases from this District and other district courts corroborates this position. In our review of the available case law we were unable to find a federal district court that sanctioned a party merely for opposing a protective order brought pursuant to HIPAA. Accordingly, consistent the intent and history of Rules 26 and 37, and cases from this District and others, Defendants respectfully submit that this Court should not impose sanctions.

In fact, this very Court when presented with a similar circumstance last year did not sanction a plaintiff, albeit a *pro se* plaintiff, merely because he opposed the entry of a routine HIPAA qualified protective order. *Monk v. Walmart, Inc.*, Case No. 1:23-cv-06697, ECF No. 48 (N.D. Ill. Nov. 13, 2024) (McShain, J.). In *Monk*, the defendant filed a motion for a qualified protective order pursuant to HIPAA. *Monk*, ECF No. 40 (N.D. Ill. Oct. 9, 2024). The defendants sought entry of a routine HIPAA protective order due to the nature of plaintiff's claims. *Id*. The plaintiff filed a response objecting to the entry of the HIPAA order. *Monk*, ECF No. 46 (N.D. Ill. Nov. 5, 2024). This Court granted the defendant's motion for a HIPAA qualified protective order,

---

[4] "On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court … [The] potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing <u>frivolous</u> requests for or objections to discovery." Fed. Rules Civ. Proc. R. 37, *Notes of Advisory Committee on Rules to the 1970 Amendment* (emphasis added).

but did not sanction the plaintiff for his objection. *See Monk*, ECF No. 48 (N.D. Ill. Nov. 13, 2024); *see also Monk*, ECF No. 49 (N.D. Ill. Nov. 14, 2024).

Other courts in this District and her sister Districts when presented with this issue have also not sanctioned a party simply because it opposed the entry of a HIPAA qualified protective order.

- In *Del Prete*, the defendants were not sanctioned despite their objection to Plaintiff's proposed HIPAA order. *Id*. at *2. *Del Prete v. Vill. of Romeoville*, No. 17-cv-6145, 2025 U.S. Dist. LEXIS 90752, *2, 7-8(N.D. Ill. May 13, 2025).

- In *Ousterhout*, the court did not entertain sanctions in relation to the defendant's "unavailing" opposition to a motion seeking the entry of a HIPAA qualified protective order. *Ousterhout v. Zukowski*, No. 11 cv 9136, 2013 U.S. Dist. LEXIS 165796, *8 (N.D. Ill. Nov. 21, 2013)[5].

- In *Wiley*, the court there granted a motion for a third-party HIPAA order over defendant's objection, yet did not sanction the defendant. *Wiley v. Justin Young*, No. 21-cv-599-JPG, 2022 U.S. Dist. LEXIS 189364 (S.D. Ill. Oct. 17, 2022).

Courts in other jurisdictions when presented with the issue of a party opposing the entry of a HIPAA qualified protective order have likewise not sanctioned the party opposing the motion.

- In *Applebaum*, the court did not sanction the plaintiff for opposing the entry of a HIPAA protective order. *Applebaum v. Target Corp.*, No. 11-15035, 2012 U.S. Dist. LEXIS 198641, *2-4 (E.D. Mich. June 8, 2012).

---

[5] Notably, in a related to the motion to compel, and not the motion for a HIPAA order, the court declined to enter a fee award sanction against the defendant. *Ousterhout*, 2013 U.S. Dist. LEXIS 165796, at *18

9

- In *Bayne*, the court did not sanction the plaintiff for objecting to the defendants' motion for a protective order or for raising his argument that state law limited disclosures authorized by HIPAA. *Bayne v. Provost*, 359 F. Supp. 2d 234, 243 (N.D.N.Y. 2005).

- In *Brigham*, the court found that Rule 26(c) was not applicable to "qualified protective orders" pursuant to HIPAA[6]. *Brigham v. Colyer*, No. 09-2210-JWL-DJW, 2010 U.S. Dist. LEXIS 52436, *2 (D. Kan. May 27, 2010). Likewise, the court did not sanction any party in connection with the motion for a "qualified protective order." *Id*.

- In *Anderson*, the court did not sanction the plaintiff after the defendant moved to *compel* the production of her psychiatric, psychological, counseling, and mental health records in accordance with HIPAA. *Anderson v. City of N.Y.*, No. CV 2005-4422 (ERK) (MDG), 2006 U.S. Dist. LEXIS 25805, *2-3 (E.D.N.Y. Apr. 28, 2006).

- In *Shropshire*, the court did not award any sanctions in conjunction with an opposed motion for a qualified protective order under HIPAA. *Shropshire v. Taylor*, No. 06-10682, 2006 U.S. Dist. LEXIS 52943, *2, 8 (E.D. Mich. Aug. 1, 2006).

- In *Tavares*, the court likewise did not consider sanctions against the plaintiff for opposing a motion for a HIPAA protective order for the use of third-party medical records. *Tavares v. Lawrence & Mem'l Hosp.*, No. 3: 11 - CV - 770 (CSH), 2012 U.S. Dist. LEXIS 146614, *4, 9-11 (D. Conn. Oct. 10, 2012).

---

[6] This same analysis applies to the instant case as well. Plaintiff Jones-Broadway did not seek an order "protecting [her] from annoyance, embarrassment, oppression, or undue burden or expense. Rather, [Plaintiff Jones-Broadway] [sought] an order allowing the disclosure of [third-party] medical records." *Brigham*, 2010 U.S. Dist. LEXIS 52436, at *3. As discussed above, not only does the historical precedent of Rule 26(c) counsel against an award of sanctions because no 'discovery was sought from' the Defendants in connection with Plaintiff's motion, but the additional fact that the straightforward language of Rule 26(c)(1) does not apply to protect the type of discovery that may be sought *from* Plaintiff only confirms that Rule 26(c) is inapplicable in this case. Thus, because Rule 26(c) does not apply here Defendants respectfully submit that sanctions are inappropriate under Rule 37(a)(5)(A).

- In *Thomas*, the court again did not entertain sanctions in conjunction with a motion seeking the plaintiff to execute a HIPAA compliant medical authorization. *Thomas v. City of Vicksburg*, No. 3:22-cv-00542-HTW-LGI, 2023 U.S. Dist. LEXIS 138600, *6, 8-9 (S.D. Miss. Aug. 9, 2023).

- *King-Vassel* is another instance where a court did not consider awarding sanctions as a result of the entry of an opposed HIPAA protective order. *United States v. King-Vassel*, No. 11-CV-236-JPS, 2013 U.S. Dist. LEXIS 158184, *7, 15-16 (E.D. Wis. Nov. 5, 2013).

- In *Watson v. Jamsen*, the court there likewise did not entertain sanctions in conjunction with an opposed motion for a HIPAA qualified protective order. *Watson v. Jamsen*, No. 16-13770, 2018 U.S. Dist. LEXIS 146457, *2, 4-5 (E.D. Mich. Aug. 28, 2018).

Accordingly, given the history of Rule 26(c) and the relevant case law on this issue, Defendants respectfully submit that this Court should find that sanctions are not warranted in this instance.

**III. Alternatively Sanctions under Rule 37(a)(5)(A) are not warranted because Defendants' arguments were "substantially justified" and based on existing law.**

As discussed *ad nauseum* above, Defendants respectfully submit that Rule 26(c) and Rule 37(a)(5)(A) counsel against imposing sanctions against the Defendants in this instance. However, assuming *arguendo* that the Court believes that the mere fact that granting a motion for a HIPAA qualified protective order requires the Defendants to show cause why they should not be sanctioned, Defendants still submit that sanctions are unwarranted.

As an initial point, Defendants respectfully dispute the assertion that their arguments were made in bad faith. First, sanctions for acting in bad faith arise when parties bring baseless arguments not reasonably grounded in law or fact. *See* Fed. Rules Civ. Proc. R. 11; *Cooter & Gell*

11

Case: 1:24-cv-11700 Document #: 122 Filed: 09/18/25 Page 12 of 16 PageID #:825

*v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Seventh Circuit recognizing the stigma associated with the imposition of sanctions cautioned that "because sanctions can harm the reputation of attorneys and chill the creativity of counsel, care must be taken in their issuance." *Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024). Given the severity of the allegations of imposing sanctions, when reviewing courts review a district court's award of sanctions they give only limited deference to a district court's decision. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 936 (7th Cir. 1989). ("Deferential review will not prevent this court from ensuring that district judges reflect seriously, and consider fully, before imposing (or denying) sanctions.")

In this case, Defendants objections to the scope and proportionality of Plaintiff's proposed third-party HIPAA order and the privilege law to be applied to third-party PHI were based on principles of federalism, comity, and preemption reflected in controlling Seventh Circuit and district court precedent.[7] These are precisely the "substantially justified" objections that reasonable people could have regarding a third-party HIPAA order while reaching opposite conclusions – as is what happened in this case. S*ee Barna*, 1997 U.S. Dist. LEXIS 10853, at *12 ("The term 'substantially justified' has been interpreted to mean that reasonable people could have a genuine dispute about an issue and reach opposite conclusions.") In fact, it could not be clearer that there was genuine dispute about an issue when the Court requested that Plaintiff file a response to Defendants' objections. (See ECF #111). It would be presumed that if the Defendants' objections were so frivolous and unjustified as to not warrant any kind of reply or response from

---

[7] The cases referenced in Section II, *supra*, these types of objections (consent, scope, proportionality) were routinely the types of arguments raised by parties opposing HIPAA qualified orders. Again, sanctions were never entertained in those instances.

12

Plaintiff then the Court would not have directed the additional work from Plaintiff – just as the Court did in *Monk*. *Monk*, Case No. 1:23-cv-06697, ECF No. 46, 48. (N.D. Ill).

The reply Plaintiff did file misconstrues the issues litigated in *Haywood*. *Haywood v. Wexford Health Sources, Inc.*, Case No. 16-cv-03566, ECF No. 309 (N.D. Ill. Jun. 3, 2021). First, in *Haywood* the plaintiff *brought* a motion for sanctions to resolve an impasse over months-long dispute regarding the production of 272,000 pages of electronically stored information. (*Haywood*, ECF No. 309, p. 1-4). The defendants asserted that the Illinois's Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1[8], *et seq.* barred disclosure of non-party PHI. (*Haywood*, ECF No. 309, p. 5). As this Court rightly noted there, "because [that was] a federal-question case, Illinois privilege law–including the Confidentiality Act–[did] not apply." (*Haywood*, ECF No. 309, p. 9) (citing *Northwestern Memorial Hospital v. Ashcroft*, and (2) *Beard v. City of Chicago*. *Id.* at 16-21; *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004); *Beard v. City of Chi.*, No. 03 C 3527, 2005 U.S. Dist. LEXIS 374 (N.D. Ill. Jan. 7, 2005)).

However, both *Northwestern* and *Beard* left open the question whether the Illinois Confidentiality Act may have yielded a different result if state law claims were involved. The *Beard* court explicitly recognized that "[w]e might be presented with a different question if this lawsuit involved both federal and state law claims …, but the only state law claim that ever was in the case has been dismissed …" *Beard*, 2005 U.S. Dist. LEXIS 374, at *18. While the *Northwestern* court recognized that state privilege law may govern "… in suits in federal court (mainly diversity suits) as well in which state law supplies the rule of decision." *Northwestern*,

---

[8] As a brief aside, the statute cited in *Haywood* was not the same statute cited by Defendants in their response. *Compare* 740 ILCS 110/5 *with* 735 ILCS 5/8-802. Defendants position, as expressed in their response, was simply that third-party patients need to express consent to the disclosure of their health information: "No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient … except only … (3) with the expressed consent of the patient …" 735 ILCS 5/8-802. The statute in *Haywood* provides far more onerous and exacting requirements. *See* 740 ILCS 110/5.

13

362 F.3d at 925. More importantly though, the *Northwestern* court further held that "comity 'impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Id.* at 932-33.

Accordingly, Defendants arguments regarding privilege law to be applied to third-party PHI based on principles of federalism, comity, and preemption were premised on reasonable legal arguments rooted in controlling Seventh Circuit and district court precedent. *See Pirelli Tire Corp.*, 1988 U.S. Dist. LEXIS 8374, at *4 ("The test of whether [a party's] position is substantially justified is essentially one of reasonableness in law and fact.") (internal quotation marks omitted). The fact that the Court requested additional briefing on the issue (ECF #111) as opposed to ruling on the briefings without any further argument (*see* ECF #107) should create an irrebuttable presumption that a genuine dispute existed. That the Court disagrees with Defendants' arguments after Plaintiff's reply does not warrant sanctions. *See Ogden v. Dyco*, No. 09-CV-124-WDS, 2010 U.S. Dist. LEXIS 154908, at *4-5 (S.D. Ill. Mar. 22, 2010) (quoting *Lerch v. Boyer*, 929 F. Supp. 319, 324 (N.D. Ind. 1996)) (The "mere absence of legal precedent, the presentation of an unreasonable legal argument, or <u>the failure to prevail on the merits of a particular legal contention</u> … cannot justify a finding of frivolousness … the term 'frivolous' should connote that the legal contention … is utterly implausible and lacks any arguable basis, or at least is characterized by abuse or egregiousness."); *see also Nemsky v. Int'l Union of Operating Eng'rs, Local 399*, No. 07-CV-0205-MJR, 2008 U.S. Dist. LEXIS 89943, at *27-28 (S.D. Ill. Nov. 4, 2008), *aff'd* 574 F.3d 859 (7th Cir. 2009).

"[S]anctions 'are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel.'" *Peoples Nat'l Bank, N.A. v. Am. Coal Co.*, No. 09-761-GPM, 2012 U.S. Dist. LEXIS 64134, at *9 (S.D.

14

Ill. May 8, 2012) (quoting *Hartmax Corp. v. Abbound*, 326 F.3d 862, 867 (7th Cir. 2003)); *see Mazurek*, 110 F.4th at 942. Merely because the Court declined to entertain Defendants' arguments does not mean that those arguments were frivolous or not substantially justified. The distinction that "reasonable people could have a genuine dispute" simply does not set the stage for sanctions against Defendants. S*ee Barna*, 1997 U.S. Dist. LEXIS 10853, at *12.

IV. **Defendants adopt and incorporate those arguments raised by the IDOC Defendants in their response.**

The Defendants adopt and incorporate those arguments raised by IDOC Defendnats in their response to the Court's order to show cause why the Defendants should not be forced to pay Plaintiff's attorney's fees and costs in connection with her HIPAA Motion for third-party PHI, as if fully set forth herein.

## CONCLUSION

For the above and foregoing reasons, Defendants respectfully submit that the Court's order to show cause of September 4, 2025 should be discharged, and that no sanction should issue against Defendants, Wexford Health Sources, Inc., Edward Berzinski, or their counsel.

                                          Respectfully Submitted,
                                          WEXFORD HEALTH SOURCES, INC. and
                                          EDDIE BERZINSKI

                                          By: /s/ Victor F. Price
                                                 *One of the Attorneys for Defendants*

Robert S. Tengesdal
Victor F. Price
CONNOLLY KRAUSE LLC
500 West Madison Street, Suite 3900
Chicago, Illinois 60661
(312) 253-6200
rtengesdal@cktrials.com
vprice@cktrials.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on Thursday, September 18, 2025, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system. All of the participants in the case will be served by the CM/EFC system.

Dated: <u>September 18, 2025</u>       By: <u>/s/ Victor F. Price</u>

CONNOLLY KRAUSE LLC
500 West Madison Street, Suite #3900
Chicago, IL 60661